IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 15-81366 |
| DRD TECHNOLOGIES, INC. | ) | |
| | ) | |
| EIN NO. 63-1088023 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY AND PERMANENT MOTION FOR
AUTHORIZATION TO USE CASH COLLATERAL**

COMES NOW, DRD Technologies, Inc. ("Debtor"), as a debtor-in-possession in the above-styled matter, and pursuant to 11 U.S.C. §§ 361 and 363 of the Bankruptcy Code, requests this Court for authorization to use cash collateral. In support, Debtor states as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core matter proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

BACKGROUND

2. DRD Technologies, Inc., is an Alabama corporation with its principal place of business at 2100 West Ferry Way, Huntsville, Alabama 35801.

3. Debtor is engaged in the business of providing logistics and technology development services and sales to individual and commercial clients.

4. On or about October 18, 2011, Debtor and ServisFirst Bank ("ServisFirst") executed certain loan documents, namely the "Agreement" and "Promissory Note" and "Commercial Security Agreement", whereby ServisFirst extended Debtor a line of credit in the amount of $2,000,000.00. That same day, Debtor and ServisFirst entered into the "Commercial

Security Agreement" whereby Debtor granted ServisFirst a security interest in all of Debtor's equipment, inventory and general intangibles. ServisFirst filed its UCC financing statement covering Debtor's accounts receivable and inventory on or about October 19, 2011.

5. The note was extended numerous times and the maximum line of credit increased to $3,250,000.00.

6. As a result of the foregoing loan transactions, Debtor currently owes approximately $3,400,000.00 to ServisFirst, which is Debtor's largest creditor. In addition, Debtor owes other secured creditors approximately $225,000.00 and has existing accounts payable in the amount of $350,000.00.

7. The current approximate book value of the collateral pledged to ServisFirst is approximately $2,000,000.00, consisting of approximately S1,400,000.00 in accounts receivable and $600,000.00 in inventory.

## REASONS FOR FILING CHAPTER 11

8. Debtor has operated as a business since 1993, providing logistics and technology development to customers across the world.

9. On May 18, 2015, ServisFirst filed a complaint against the Debtor and its principal, seeking a Temporary Restraining Order ("TRO") and preliminary injunction over use of its collateral and sought the appointment of a receiver. The Motion for TRO and appointment of receiver were set for hearing on May 19, 2:30. If granted by the state court the debtor would be effectively out of business.

10. On May 19, 2015, the Debtor petitioned this Court for Chapter 11 bankruptcy relief pursuant to 11 U.S.C. § 101, et seq.

11. Debtor plans to continue to operate its business and manage its properties as a

2

Case 15-81366-CRJ11    Doc 4    Filed 05/19/15    Entered 05/19/15 16:00:12    Desc Main
Document      Page 2 of 4

debtor in possession under §§ 1107(a) and 1108 of the Bankruptcy Code. Through the filing of this Chapter 11 petition, Debtor seeks to accomplish a successful reorganization of its business, which will allow Debtor post-confirmation to continue to operate its business.

## RELIEF REQUESTED

12. Pre-petition, Debtor entered into various loan agreements with ServisFirst whereby the Bank extended Debtor a line of credit in exchange for a security interest in certain assets of the Debtor.

13. The accounts receivable and inventory which are subject to the existing security agreements constitute "cash collateral" within the meaning of § 363(a) of the Bankruptcy Code. Section 363(c)(2) prohibits a debtor from utilizing cash collateral with the consent of such party or absent Court approval.

14. Pursuant to § 363(c)(2)(B), Debtor seeks authorization from this Court, after notice and hearing, to use the cash collateral of ServisFirst pursuant to the terms and conditions encompassed within this Court's Order Granting Adequate Protection and Permitting Use of Cash Collateral (the "Cash Collateral Agreement").

15. Debtor's only source of cash for the continued operation of its business is operating revenue, which is cash collateral. Debtor has an immediate need for authority to continue to use the cash collateral in its ongoing business operations. If Debtor is not permitted to use the cash collateral, it will have to shut down its business hindering any prospects of future reorganization.

16. Debtor will submit monthly budgets to the Court and ServisFirst indicating the amount of money used in business operation expenses. As adequate protection for the use of the cash collateral the Debtors propose to provide a replacement lien in post-petition accounts

3

receivable and inventory.

      WHEREFORE, the Debtor respectively requests this Court to enter an Order permitting use of cash collateral upon the terms and conditions stated herein, and to grant such other and further relief as this Court deems just and proper.

      Respectfully submitted this 19th day of May, 2015.

                                              */s/ Stuart M. Maples*
                                              STUART M. MAPLES

MAPLES LAW FIRM, P.C.
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – Telephone
(256) 489-9720 – Facsimile
smaples@mapleslawfirmpc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing properly addressed, postage prepaid, via United States Mail or electronic mail on the following on this the 19th day of May, 2015.

Richard Blythe
Bankruptcy Administrator
PO Box 3045
Decatur, Alabama 35602

Kevin Gray
MAYNARD COOPER & GALE, PC
PO Box 18668
Huntsville, Alabama 35804

20 Largest Creditors

                                              */s/ Stuart M. Maples*
                                              OF COUNSEL