# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No.: 15-81366-CRJ-11 |
| DRD TECHNOLOGIES, INC., | ) |
| | ) Chapter 11 |
| Debtor. | ) |

## SECOND INTERIM ORDER
## AUTHORIZING USE OF CASH COLLATERAL

This matter came before the Court on June 10, 2015, on DRD Technologies, Inc.'s (the "Debtor") Emergency and Permanent Motion for Authorization to Use Cash Collateral filed May 19, 2015 (the "Cash Collateral Motion"; Doc. 4), seeking an order authorizing the Debtor's use of cash collateral, all of which cash collateral is presently subject to a first-priority security interest in favor of ServisFirst Bank ("ServisFirst"), and ServisFirst's objection to the Cash Collateral Motion filed on May 20, 2015 (the "Objection"; Doc. 10).

The Court previously entered that certain Interim Order Authorizing Use of Cash Collateral (the "First Interim Order"), which expired by its terms on June 10, 2015. (Doc. 24)

Due notice of the hearing on the Cash Collateral Motion was given by the Debtor to (i) the Bankruptcy Administrator; (ii) the Debtor's principal prepetition secured creditors, including ServisFirst; (iii) the Debtor's 20 largest unsecured creditors; and (iv) those parties requesting notice.

{H0219904.1}

Notice of the Cash Collateral Motion has been given and has been served in accordance with § 102(1) of the Bankruptcy Code and Rule 4001 of the <u>Federal Rules of Bankruptcy Procedure,</u> which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested in the Cash Collateral Motion and that provided in this Order.

The Court has considered the Cash Collateral Motion and the Objection and, based upon the evidence and related materials presented, all pleadings in the Court file, the arguments of counsel for the Debtor and ServisFirst, and there being no objections to the Cash Collateral Motion from any other party, after due deliberation, and good and sufficient cause appearing therefore, the Court hereby FINDS as follows:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code (defined herein) and Rules 2002, 4001 and 9014 of the <u>Federal Rules of Bankruptcy Procedure</u> (the "<u>Bankruptcy Rules</u>"). Venue of this Chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Order shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Bankruptcy Rules and be valid, binding on all parties in interest and fully effective

*nunc pro tunc* to the Petition Date (defined herein) immediately upon entry by the Court. Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062 or 9014 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

B. On May 19, 2015 (the "Petition Date"), the Debtor filed the above-referenced bankruptcy case seeking relief under Chapter 11 of Title of 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

C. As of the Petition Date, ServisFirst had extended a line of credit to the Debtor in the maximum amount of $3,250,000, evidenced by a promissory note dated October 18, 2011, as amended by that certain Change in Terms Agreement, dated June 13, 2014 (the "Loan").

D. The Loan is secured by a first priority security interest in all of the Debtor's accounts, inventory, equipment, general intangibles, and the proceeds, products, accessions and additions thereto (hereinafter, the "Collateral"), which has been perfected by ServisFirst's filing of a UCC-1 financing statement with the Office of the Alabama Secretary of State on October 19, 2011, bearing file number 11-7218304.

E. In addition to the cash and cash-equivalent portions of the Collateral that existed as of the Petition Date, "Cash Collateral," as defined by § 363(a) of the

Bankruptcy Code, also includes post-Petition Date proceeds, products, offspring, rents, or profits of the Collateral as provided by § 552(b) of the Bankruptcy Code and as the term "proceeds" is defined in § 9A-102(64) of the Uniform Commercial Code, as enacted in the state of Alabama.

      F.     The Debtor and ServisFirst agree, and a prima facie showing has been made, that ServisFirst held on the Petition Date, and continues to hold, a properly-perfected first priority security interest in the Collateral, including the Cash Collateral.

      G.     ServisFirst asserts that the amount owed under the Loan was $3,260,832.38 as of the Petition Date, consisting of principal in the amount of $3,249,999.05 and interest in the amount of $11,194.44. In addition to the amount owed under the Loan, the Debtor is liable for all accrued but unpaid interest and costs of collection incurred by ServisFirst in connection with the Loan, including without limitation, reasonable attorney's fees and expenses (collectively, the "Indebtedness").

      H.     On May 22, 2015, this Court entered the First Interim Order, which order authorized the Debtor to use cash collateral in the ordinary course of its business, subject to the terms and conditions of the First Interim Order for a period of time which ended on June 10, 2015.  (Doc. 24.)

I. Pursuant to this Order, the Debtor may continue to use Cash Collateral in the ordinary course of its business, but subject to the terms set forth herein.

IT IS ORDERED, ADJUDGED and DECREED:

1. Debtor's request to use the Cash Collateral pursuant to the Cash Collateral Motion is granted *nunc pro tunc* to the Petition Date, and the Debtor is authorized to use Cash Collateral in the ordinary course of business, subject to the below terms and conditions, unless or until a Termination Event, as such term is hereinafter defined, occurs prior thereto, or the parties agree to terminate such usage at an earlier date.

2. Debtor shall not use Cash Collateral in any manner or in any amount other than as authorized specifically by this Order.

3. As adequate protection to ServisFirst for the use of the Cash Collateral, the Debtor hereby grants ServisFirst a first priority replacement lien *nunc pro tunc* as of the Petition Date on and in all of the Debtor's assets that comprise the Collateral, including without limitation personal property acquired or generated postpetition by the Debtor, including without limitation all proceeds, products, offspring, rents or profits therefrom, to the same extent and priority as such interest existed prepetition, and subordinate only to the Carveout as defined below. Notwithstanding anything otherwise provided in this Order, no liens are

being granted to ServisFirst by this Order on property on which the bank did not have a lien on the petition date.

4. The continuing lien granted herein in connection with the use of Cash Collateral shall be valid and perfected without the need for the execution, filing or recording of any further documents or instruments, otherwise required to be executed or filed under non-bankruptcy law.

5. The Court's grant of adequate protection pursuant to this Order shall not preclude ServisFirst from seeking, in the event the adequate protection proves inadequate, an administrative expense claim pursuant to § 503(b), or, as necessary, § 507(b) of the Bankruptcy Code, for the value of all Cash Collateral expended by the Debtor through this Order.

6. Subject to the terms and conditions of this Order, the Debtor is hereby authorized to use Cash Collateral only to satisfy (i) those actual expenses reasonable and necessary to the operation and maintenance of the Debtor's business in accordance with the weekly cash projection provided to ServisFirst and this Court as attached to the Cash Collateral Motion (hereinafter, the "Cash Requirements Budget"), and (ii) the unpaid fees of the Clerk of the Bankruptcy Court and the Office of the United States Bankruptcy Administrator pursuant to 28 U.S.C. § 1930(a) and (b), if any (the "Statutory Fees") (said amounts shall hereinafter be referred to as the "Carveout"). Under no circumstances shall any

principal, director, shareholder, member, partner or other owner of the Debtor be permitted to receive any distributions or compensation in excess of that shown on the Cash Requirements Budget.

7. During the term of this Order, ServisFirst or its authorized agents or consultants shall have the right to inspect the Debtor's books of accounting, the Debtor's financial statements, the Debtor's checking account records, the Debtor's bank account records, the Debtor's contracts, purchase orders and agreements giving rise to accounts receivable or rights to receive payment, invoices reflecting disbursements, and each other document reflecting the use of Cash Collateral during the period of time covered by this Order or any future Order authorizing the Debtor's continued use of the Cash Collateral and any other record reflecting or relating to the Debtor's financial condition (the "<u>Books and Records</u>"). The Debtor shall comply with all reasonable requests of ServisFirst, or its authorized agents or consultants, to review and examine the Debtor's Books and Records. ServisFirst may initially pay any consultant's reasonable and ordinary fees and expenses, but shall be entitled to add such costs to the principal amount of the Loan. ServisFirst's representative will refrain, to the extent reasonably possible, from interfering with the Debtor's normal business operations during such inspections.

8. Debtor shall not be authorized to pay any item not specifically set forth herein. The Debtor may not exceed the Cash Requirement Budget or any

{H0219904.1}                                                    7

Case 15-81366-CRJ11    Doc 51    Filed 06/11/15    Entered 06/11/15 15:56:13    Desc Main
Document      Page 7 of 13

specific line item budgeted amount by more than ten percent (10%), unless prior written consent is obtained from ServisFirst, or such use is authorized by separate Court order.

10. In allowing the use of Cash Collateral as provided for herein and in accordance with this Order, ServisFirst is not required and has no obligation to advance any amounts to the Debtor.

11. On June 17th, 18th and 19th, 2015, the Debtor shall allow ServisFirst and its agents to inspect the Debtor's inventory.

12. The Debtor shall provide ServisFirst on each Friday during the term of this Order a report reflecting a comparison of the weekly budget with actual results from operations.

13. The Debtor shall provide ServisFirst a copy of the following documents (the "Financial Reports") on Wednesday, June 17, 2015, Wednesday, June 24, 2015 and Wednesday, July 1, 2015:

    (a) A copy of each bank statement for each bank account maintained by the Debtor;

    (b) A separate statement reflecting each account receivable or other receivable and a statement of aging of accounts receivable, divided between pre-Petition Date accounts receivable and post-Petition Date accounts receivable;

(c) A statement of cash receipts and cash disbursements in the same format as the Cash Requirements Budget, using the same accounting categories, for the prior week;

(d) A statement of inventory on hand calculated by starting with inventory on hand as of the Petition Date, and then for such period (i) adding the purchases and (ii) subtracting sales, calculated at cost.

The Financial Reports required by this order or any notices to ServisFirst shall be sent by electronic mail to ServisFirst to the attention of David P. Mathis at DMathis@servisfirstbank.com, and counsel for ServisFirst, Maynard, Cooper & Gale, P.C. to the attention of Kevin C. Gray at kgray@maynardcooper.com. Additionally, at the time they are filed, copies of the monthly operating reports and any attachments thereto that are filed with the Court and by the Debtor shall be served on ServisFirst in accordance with this paragraph.

14. The Debtor shall be in default under the provisions of this Order if it fails to comply with or perform fully any of its obligations as provided herein.

15. This Order shall terminate upon the earlier to occur of the following (each, a "Termination Event"), unless otherwise agreed by the parties or ordered by the Court: (a) July 2, 2015 (the "Termination Date"); or (b) if the Debtor uses the cash collateral for any reason not approved by this Order. Notices of termination shall be sent to the attention of Stuart M. Maples at

{H0219904.1} 9

SMaples@mapleslawfirmpc.com. The termination of the Debtor's right to use Cash Collateral shall not affect the rights of ServisFirst as granted herein. ServisFirst is under no obligation to grant the Debtor an extension of this Order or to enter into any further agreement with the Debtor.

16. All of the terms and provisions of this Order, including without limitation the security interests and liens created and perfected hereby, in the priority established hereby, shall be binding upon the Debtor and any subsequently appointed trustee for the Debtor, either under Chapter 7 or Chapter 11 of the Bankruptcy Code.

17. Representatives of ServisFirst or its authorized agents or consultants shall be authorized to visit and remain on the business premises of the Debtor at any reasonable time or times upon reasonable notice to the Debtor, to inspect the assets of the Debtor and to verify or to obtain supporting details concerning the financial information to be provided to ServisFirst hereunder; provided, such representatives will comply with any security requirements of the Debtor's business and will not unreasonably interfere with the Debtor's business operations.

18. The automatic stay provisions of section 362 of the Bankruptcy Code are hereby modified, lifted and terminated as to ServisFirst to the extent necessary to implement the provisions of this Order.

19. Debtor shall keep all insurance policies required by the ServisFirst loan documents in full force and effect at all times or, in the alternative, the Debtor shall reimburse ServisFirst for payments made by it to maintain insurance on ServisFirst's Collateral.

20. In the event and to the extent that the value of ServisFirst's Collateral diminishes or deteriorates as a result of the operations of the Debtor or the use of the Cash Collateral, other than ordinary depreciation of any personal property included in the pre-Petition Date collateral, ServisFirst may apply, pursuant to § 507(b) of the Bankruptcy Code, for a super-priority administrative expense claim against the Debtor and the Debtor's bankruptcy estate.

21. Notwithstanding anything to the contrary, the Debtor shall retain the right to petition the Court to terminate the terms of this Order in the event that the Debtor obtains substitute postpetition financing.

22. The terms and conditions of any contracts, notes and agreements between ServisFirst and the Debtor shall remain the same, unless explicitly modified herein.

23. Nothing contained in this Order shall be deemed to be a waiver by ServisFirst of its rights to request additional or further protection of its interests in any property of the Debtor, to move for relief from the automatic stay, to seek the appointment of a trustee or examiner or the dismissal of the case, or to request any

{H0219904.1}                                11

Case 15-81366-CRJ11    Doc 51    Filed 06/11/15    Entered 06/11/15 15:56:13    Desc Main
Document      Page 11 of 13

other relief in this case, nor shall anything herein constitute an admission by ServisFirst of the quantity, quality or value of any of ServisFirst's Collateral securing the obligations, or constitute a finding of adequate protection with respect to the interests of ServisFirst in any of the Cash Collateral. ServisFirst shall be deemed to have reserved all rights to assert entitlement to the protections and benefits of § 507(b) of the Bankruptcy Code in connection with any use, sale or other disposition of any of its Cash Collateral, to the extent that the protection afforded by this Order proves to be inadequate; provided, however, that nothing herein shall constitute a waiver to subsequently challenge any adequate protection provided to ServisFirst hereunder.

24. Nothing contained in this Order shall be construed to waive or relinquish any right or power that any Committee might have, should one be appointed pursuant to § 1102 of the Bankruptcy Code.

ORDERED this the 11th day of June, 2015.

/s/ Clifton R. Jessup, Jr.
Clifton R. Jessup, Jr.
United States Bankruptcy Judge

CONSENTED TO BY:

| | |
|---|---|
| */s/ Kevin C. Gray* | */s/ Stuart M. Maples* |
| Kevin C. Gray | **STUART M. MAPLES** |
| Emily J. Chancey | The Maples Law Firm |
| Maynard, Cooper & Gale, P.C. | 200 Clinton Avenue West |
| 655 Gallatin Street | Suite 1000 |
| Huntsville, Alabama 35801 | Huntsville, Alabama 35801 |
| Telephone: (256) 551-0171 | Telephone: (256) 489-9779 |
| | |
| *Attorneys for ServisFirst Bank* | *Attorney for DRD Technologies, Inc.* |