IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DRD TECHNOLOGIES, INC., | ) | CASE NO. 15-81366 |
| | ) | |
| EIN NO. 63-1088023 | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |

## MOTION TO APPROVE PROCEDURE FOR
## INTERIM COMPENSATION OF PROFESSIONALS

COMES NOW, DRD Technologies, Inc. ("Debtor"), as Debtor and Debtor-in-Possession, by and through its undersigned counsel, and hereby request the Court enter an order permitting it to pay professional s monthly, as described below, and subject to later approval by the Court. In support thereof, Debtor states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### AUTHORITY AND NOTICE

3. On May 19, 2015 (the "Commencement Date"), Debtor filed a chapter 11 bankruptcy petition commencing the above-captioned bankruptcy case.

4. Since the Commencement Date, Debtor has continued in possession of its property and control of its operations pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor requests this relief pursuant to Sections 105 and 331 of the Bankruptcy Code. Debtor has provided notice to the Bankruptcy Administrator and all creditors entitled to notice.

### RETENTION OF PROFESSIONALS

6.      On May 19, 2015, Debtor filed its Application to Employ Maples Law Firm, PC as Counsel for Debtor (the "Application"). The Application was approved by order of this Court entered June 11, 2015.

7.      Debtor anticipates that they may need to retain additional professionals in the captioned cases. In addition, if an official committee of unsecured creditors ("Committee") is established, Debtor suspect the Committee will file an application to retain counsel to assist in the performance of its statutory duties. Any professional firms employed by Debtor or the Committee in this case are hereinafter collectively referred to as the "Professionals."

8.      Pursuant to Section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the court permits.

### RELIEF REQUESTED

9.      Debtor requests the entry of an Order authorizing and establishing procedures for compensating and reimbursing the Professionals on a monthly basis. Such an Order would enable the Court, the Bankruptcy Administrator, and all other parties to more effectively and efficiently monitor the Professionals' fees and expenses incurred in these cases.

10.     Specifically, Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows (the "Compensation Procedures"):

(a) No earlier than the 15th day of each calendar month, beginning in August, each Professional seeking interim compensation may serve a Notice (the "Monthly Fee Notice") on the Debtor pursuant to 11 U.S.C. § 331 for interim payment of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period").

(b) Each Monthly Fee Notice shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), applicable Eleventh Circuit law and the Local Rules of the Bankruptcy Court for the Northern District of Alabama ("Local Rules"), and shall be served upon the Bankruptcy Administrator, counsel for ServisFirst Bank, any committee appointed in this case, and any other party requesting such notice.

(c) Each Notice Party shall have 10 days after service (the "Objection Deadline") of a Monthly Fee Notice to deliver to the party serving the Monthly Fee Notice any objection (the "Objection"). Each Objection must identify in detail the specific time entries and/or expenses which are the subject of the Objection.

(d) Upon the expiration of the Objection Deadline, Debtor will be authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the Monthly Fee Notice (the "Maximum Payment") or (ii) 80 percent of the fees and 100 percent of the expenses not subject to any Objection.

(e) Any objecting party and the Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within 10 days after service of the Objection, then the Professional may either (i) file the

3

Case 15-81366-CRJ11    Doc 68    Filed 07/01/15    Entered 07/01/15 13:16:48    Desc Main
Document      Page 3 of 7

Objection and any response to the Objection with the Court, together with a request for payment of the difference, if any, between the Maximum Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection, if requested by the parties.

(f) Allowance of monthly fees and expenses shall not constitute an interim or final approval of the Professionals fees and expenses.

11. Debtor further proposes that, beginning with the period ending on August 18, 2015, and at three month intervals or such other intervals convenient to the Court ("Interim Period"), each Professional may file with the Court and serve upon the Notice Parties an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Notices filed during such period (the "Interim Fee Application"). The Interim Fee Application must include a summary of the Monthly Fee Notices that are the subject of the request and any other information requested by the Court or required by the Local Rules.

12. The Applicant shall file its notice of the Interim Fee Application ("Hearing Notice") as provided by § 331 of the Bankruptcy Code, Rule 2010 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Alabama.

13. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

4

14. Neither the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses, nor the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals.

15. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

16. Debtor further requests that the Court limit the Hearing Notices to consider Interim Fee Application Requests and final fee applications (collectively, the "Applications") to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this Court and have requested such notice. Such notice of the Applications and Hearing Notices in this manner will reach the parties most active in the case and will save the expense of undue duplication and mailing.

17. Debtor will include all payments made to Professionals in accordance with this Motion in their monthly operating reports identifying the amount paid to each of the Professionals.

**APPLICABLE AUTHORITY**

18. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under Section 327 or 1103 of this title may apply to the Court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title. 11 U.S.C. § 331.

19. Section 105(a) of the Bankruptcy Code provides, in relevant part, states as follows: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a).

20. Similar procedures for compensating and reimbursing court-approved professionals have been established in other Chapter 11 cases in this district and others. *See In re Bill Heard Enterprises, Inc. et al.,* 08-83029-JAC (Sept. 30, 2008) (Docket Entry No. 36); *In re HB Logistics*, Case No. 11-82362 (November 14, 2012)(Docket Entry No. 719); *In re Gateway Ethanol, L.L.C.*, Case No. 08-22579 (Bankr. D. Kan. 2008). Such procedures are needed to avoid having professionals fund the reorganization case. *See In re Int'l Horizons, Inc.,* 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (court established procedures for monthly interim compensations). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *Id.* at 897-98. Debtor submits that the procedures sought herein are appropriate, considering the above factors.

WHEREFORE, Debtor respectfully request that the Court enter an Order establishing procedures for interim compensation and reimbursement of Professionals, and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Stuart M. Maples
STUART M. MAPLES

MAPLES LAW FIRM, PC
200 Clinton Avenue West, Suite 1000
Huntsville, Alabama 35801
(256) 489-9779 – TELEPHONE
(256) 489-9720 – FACSIMILE
smaples@mapleslawfirmpc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing properly addressed, postage prepaid, via United States Mail or electronic mail on the following on this the 1st day of July, 2015.

Richard Blythe
Bankruptcy Administrator
PO Box 3045
Decatur, Alabama 35602

Kevin Gray
MAYNARD COOPER & GALE, PC
PO Box 18668
Huntsville, Alabama 35804

20 Largest Creditors

                                                  */s/ Stuart M. Maples*
                                                  OF COUNSEL