**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **DRD Technologies, Inc.,** | Case No. 15-81366 |
| **Debtor.** | Chapter 11 |

## MOTION TO DISMISS OR CONVERT

COMES NOW secured creditor and party in interest, ServisFirst Bank, an Alabama banking corporation ("ServisFirst"), and respectfully submits this Motion to Dismiss or Convert pursuant to § 1112(B) of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), seeking the dismissal of the bankruptcy case of DRD Technologies, Inc. ("Debtor"), Case No. 15-81366 (the "Bankruptcy Case") and, in support thereof, states as follows:

1. Debtor instituted the Bankruptcy Case by filing a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code, on May 19, 2015 [Doc. No. 1].

2. Debtor filed its Plan of Reorganization on October 30, 2015 [Doc. No. 159] (the "Plan"). This Court confirmed the Plan on February 3, 2016 [Doc. No. 223]. Pursuant to the Plan, the Debtor proposed to auction certain assets, comprising "some or substantially all of the Debtor's assets" (defined in the Plan as the "Offered Assets"), and distribute such funds as resulted from the auction to creditors according to priority.

3. Per this Court's *Order (A) Approving Bidding Procedures, (B) Approving Form Of Sale Notice And Assumption/Cure Notice, (C) Approving Procedures For Assumption And Assignment, (D) Authorizing The Debtor To Designate A Stalking Horse And Provide Bid Protections, And (E) Setting A Date For The Sale Hearing* [Doc. No. 189], the auction was to occur on January 29, 2016.

4. The Plan has not been substantially consummated, and Debtor retains ownership of the Offered Assets.

5. ServisFirst is the largest creditor of the Debtor, and is the holder of an allowed, secured claim in the amount of $3,274,178.49. [Claim No. 22-2].

6. ServisFirst's lien encompasses Debtor's personal property (including checking accounts), accounts receivable, unfunded commitments, intellectual property (including the NExFIELD Technology[1]), office equipment, furnishings and supplies, and inventory (the "Collateral"). ServisFirst's lien on the Collateral has priority over any other lien. [Doc. No. 159]

7. Pursuant to 11 U.S.C. § 1112(b)(1), an interested party such as ServisFirst may move for dismissal or conversion of a confirmed Chapter 11 case for "cause." Section 1112(b)(4) provides that "cause" includes two equal, independent grounds for dismissal or conversion applicable to this Motion: (1) § 1112(b)(4)(M), the "inability to effectuate substantial consummation of a confirmed plan"; and (2) § 1112(b)(4)(N), a "material default by the debtor with respect to a confirmed plan."

8. Substantial consummation of a confirmed plan has been achieved upon the occurrence of "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the

---

[1] The "NExFIELD Technology" is described more fully in the Debtor's Disclosure Statement [Doc. No. 158] and Exhibit A thereto.

business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2). Here, substantial consummation pursuant to the Plan cannot occur. Due to a lack of interest or potential purchasers of the Offered Assets, the Debtor has been unable to conduct the proposed auction. As a result, the Debtor has failed to transfer the property required to be transferred under the Plan, or to commence distribution under the Plan.

9. Further, Debtor is in material default of the Plan. Debtor committed to auction substantially all of its assets so as to pay its creditors by January 29, 2016, yet over 12 months later, no auction has been scheduled, no assets have been sold, and no amounts have been paid to creditors under the Plan.

10. Cause exists for dismissal of this case because Debtor is unable to substantially consummate the Plan and is in material default on its obligations under the Plan. ServisFirst respectfully submits that dismissal, rather than conversion, would be in the best interests of the creditors of the estate.

WHEREFORE, ServisFirst respectfully requests that the Court dismiss this case, or, alternatively, convert it to a case under Chapter 7, and grant ServisFirst such other and further relief as is just and appropriate.

Respectfully submitted,

s/ *Kevin C. Gray*
Kevin C. Gray
BRADLEY ARANT
BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900

*Counsel for ServisFirst Bank*

3

Case 15-81366-CRJ11    Doc 270    Filed 02/08/17    Entered 02/08/17 19:24:46    Desc
Main Document    Page 3 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Stuart M. Maples
    Maples Law Firm, PC
    200 Clinton Avenue West,
    Suite 1000
    Huntsville, AL 35801
    smaples@mapleslawfirmpc.com

    Richard M. Blythe
    United States Bankruptcy Administrator
    P.O. Box 3045
    Decatur, Alabama 35602-3045
    Richard_blythe@alnba.uscourts.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    None.

                                                  /s/ *Kevin C. Gray*
                                                  Of Counsel

4

Case 15-81366-CRJ11    Doc 270    Filed 02/08/17    Entered 02/08/17 19:24:46    Desc
Main Document    Page 4 of 4